IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PERSONALWEB TECHNOLGIES, LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:11-CV-655<br>PATENT CASE |
| NEC CORPORATION OF AMERICA, INC. | § § § | |
| Defendant. | § | |
| | | |
| PERSONALWEB TECHNOLGIES, LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:11-CV-656<br>PATENT CASE |
| GOOGLE INC. AND YOUTUBE, LLC | § § § | |
| Defendants. | § | |
| | | |
| PERSONALWEB TECHNOLGIES, LLC | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:11-CV-657<br>PATENT CASE |
| NETAPP, INC. | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| **PERSONALWEB TECHNOLGIES, LLC** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | **CASE NO. 6:11-CV-658** |
| **AMAZON.COM, INC.; AMAZON WEB SERVICES LLC; AND DROPBOX, INC.** | § § § | **PATENT CASE** |
| Defendants. | § | |
| **PERSONALWEB TECHNOLGIES, LLC** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | **CASE NO. 6:11-CV-659** |
| **CARINGO, INC.** | § § § | **PATENT CASE** |
| Defendant. | § | |
| **PERSONALWEB TECHNOLGIES, LLC** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | **CASE NO. 6:11-CV-660** |
| **EMC CORPORATION, AND VMWARE, INC.** | § § § | **PATENT CASE** |
| Defendants. | § | |
| **PERSONALWEB TECHNOLGIES, LLC** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | **CASE NO. 6:11-CV-683** |
| **AUTONOMY, INC.** | § § § | **PATENT CASE** |
| Defendant. | § | |

**ORDER**

Congress recently addressed the issue of joinder in patent cases in section 19 of the Leahy-Smith America Invents Act, which was signed into law in September 2011. *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 19(d), § 299, 125 Stat. 284, 332-33 (2011) (to be codified at 35 U.S.C. § 299). In particular, the new joinder provision provides that accused infringers may be joined in one action as defendants, or have their actions consolidated for trial, only if the allegations of infringement arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process. *Id.*

In light of the new joinder provision, this Court has experienced an increase in "serially" filed cases, *i.e.*, separate cases involving the same patent(s) filed near in time naming different individual defendants. Such cases present administrative difficulties for the Court, and the above-captioned case(s) is such a case. Accordingly, the Court sets a status conference on **June 7, 2012 at 10:30am.** Lead and local counsel are required to attend.

As the Court considers how to most efficiently handle these cases, the parties should be prepared to provide input regarding, at a minimum, the following issues: (1) other than common patents, what factors (and facts) can create common issues regarding infringement, both generally and specifically to the above-captioned cases; (2) is consolidation for pretrial under Federal Rule of Civil Procedure 42 a viable and efficient means of alleviating the administrative difficulties of serially filed cases on the Court while still serving the interests of the parties; (3) if the Court consolidates such cases for pretrial, how should the individual trials be structured, *e.g.*, validity trial with all defendants, followed by separate infringement trials; (4) what effect, if any, do pending 1404(a) motions for transfer have, and when and how should they be determined; and

(5) absent consolidation, what other tools can the Court and/or parties use to promote judicial efficiency and alleviate the administrative difficulties on the Court.

All parties are invited to submit a brief addressing the above issues, and any other related issues, prior to the status conference. However, the briefs should be filed with the Court no later than **May 31, 2012** and should be no longer than **10 pages**.

**So ORDERED and SIGNED this 25th day of May, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**