**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **PERSONALWEB TECHNOLGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-655** |
| | § | **PATENT CASE** |
| **NEC CORPORATION OF AMERICA, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | | |
| **PERSONALWEB TECHNOLGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-656** |
| | § | **PATENT CASE** |
| **GOOGLE INC. AND YOUTUBE, LLC** | § | |
| | § | |
| **Defendants.** | § | |
| | | |
| **PERSONALWEB TECHNOLGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-657** |
| | § | **PATENT CASE** |
| **NETAPP, INC.** | § | |
| | § | |
| **Defendant.** | § | |

| | | |
|---|---|---|
| **PERSONALWEB TECHNOLGIES, LLC** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-658** |
| | § | **PATENT CASE** |
| **AMAZON.COM, INC.; AMAZON WEB** | § | |
| **SERVICES LLC; AND DROPBOX, INC.** | § | |
| | § | |
| __Defendants.__ | | |
| | § | |
| **PERSONALWEB TECHNOLGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-659** |
| | § | **PATENT CASE** |
| **CARINGO, INC.** | § | |
| | § | |
| __Defendant.__ | § | |
| | | |
| | § | |
| **PERSONALWEB TECHNOLGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-660** |
| | § | **PATENT CASE** |
| **EMC CORPORATION, AND** | § | |
| **VMWARE, INC.** | § | |
| | § | |
| __Defendants.__ | | |
| | § | |
| **PERSONALWEB TECHNOLGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-683** |
| | § | **PATENT CASE** |
| **AUTONOMY, INC.** | § | |
| | § | |
| __Defendant.__ | § | |

**ORDER**

The Court held a special status conference on June 7, 2012, in the above-captioned cases and invited all involved parties to provide suggestions regarding the efficient handling of such "serially" filed cases, *i.e.*, separate cases involving the same patent(s) filed near in time naming different individual defendants.  The parties presented briefs addressing a number of issues and provided many thoughtful suggestions.

After careful consideration of the parties' input, the Court will not consolidate these cases at this time.  However, as all parties suggested, the Court will provide a date for a single *Markman* hearing for all parties involved.  Additionally, the Court is providing a single date for pretrial, jury selection, and trial.  The Court will address the structure of the pretrial(s), jury selection(s), and trial(s) as the parties develop their respective cases.  The Court may again consider consolidation of these cases for pretrial purposes in the future.

Although these cases are not consolidated, the Court encourages the parties to coordinate pretrial matters when possible.  For example, the parties may consider common infringement and invalidity contentions; followed by contentions that address unique issues in a particular case. The parties should also consider common Discovery and Docket Control Orders for the ease of case administration.  Also, common discovery requests, such as interrogatories, followed by targeted interrogatories that are unique to a particular case may reduce costs for all parties. Finally, common motions and proposed orders that are applicable to multiple cases may be filed as one document that includes the style of all relevant cases (much like this Order) to ease case administration.  Case specific motions may be filed as an individualized document.

The Court was encouraged at the status conference by the parties' willingness to look for efficiencies to reduce costs and to ease case administration.  As this case develops, the Court urges the parties to continue to consider areas that will promote the efficient resolution of these

cases.  As the parties suggested, the Court will proceed to consider and rule on individual case motions to transfer as it can get to them.  If a case is transferred, the parties will receive new trial dates from the transferee court.  At this time, these cases are set as follows:

**_Markman_ Hearing: July 18, 2013 at 9:00 a.m**

**Pretrial Conference:   October 23, 2014 at 9:00 a.m.**

**Jury Selection: November 3, 2014 at 9:00 a.m.**

**Jury Trial: November 10, 2014 at 9:00 a.m.**

The parties are to submit agreed Docket Control and Discovery Orders to the Court by **June 27, 2012.**[1]   The parties shall include in the Docket Control Order the name and contact information of their agreed mediator, with the first round of mediation taking place before the claim construction hearing.  If the parties cannot agree on a mediator, the Court will appoint one. Requests or motions for extension of time for parties to agree on a mediator will not be considered by the Court.

If the parties are unable to resolve their disagreements concerning the Docket Control and Discovery Orders, the parties shall submit to the Court their competing proposals along with a summary of their disagreements.   For purposes of computing the time deadlines under the local patent rules, the Court deems **June 30, 2012** as the effective Rule 16 Initial Case

---

[1] The Court's standard Docket Control Order and Discovery Order are available on the Court's website at http://www.txed.uscourts.gov/cgi-bin/view_document.cgi?document=2192   The Court has recently revised its Docket Control Order and directs the parties to use the form on the Court's website.

Management Conference date, and thus Plaintiff's P.R. 3-1 and 3-2 disclosures will be due **June 20, 2012.** [2]


**So ORDERED and SIGNED this 15th day of June, 2012.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

---

[2]  If the Court has granted an extension for either one of the deadlines, the extension remains in effect as the proper deadline.